IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/08/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

DONALD EHIE,                                    )
                                               )
                    Petitioner,                )
                                               )
    v.                                         )        Case No. 26-3025-JWL
                                               )
Warden, Midwest Regional Reception Center;[1]  )
KRISTI NOEM, Secretary, DHS;                   )
PAM BONDI, Attorney General; and               )
TODD LYONS, Acting Director, ICE,              )
                                               )
                    Respondents.               )
                                               )
_____)

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials.  For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native and citizen of Nigeria, entered the United States as a lawful permanent resident in 1996.  In 2005, after being convicted in state court of various offenses, petitioner was taken into custody by immigration officials, and his removal was ordered.  In 2006, petitioner was released on an Order of Supervision (OSUP) after attempts to obtain a travel document were unsuccessful.  Petitioner was again detained after another arrest by state authorities, but he was again released on an OSUP in 2007.  Between

---

[1] Petitioner has been transferred to a different detention facility since he filed the petition, and the Court has therefore substituted his present custodian as the proper respondent.

2007 and 2025, petitioner was convicted of numerous offenses in state court. Immigration officials again took petitioner into custody on December 13, 2025, and petitioner's release was revoked. Petitioner is presently detained within this judicial district. On February 12, 2026, petitioner filed the instant petition. Respondents filed an answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

The Court first rejects petitioner's claim that his detention has become unreasonably indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id*. at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701. Petitioner argues that his removal in the reasonably foreseeable future is not likely; however, because petitioner has only been detained since December 2025, a period of less than four months, his detention remains presumptively reasonable under *Zadvydas*.[2] The Court therefore denies this claim.[3]

---

[2]   The Court has previously ruled that the Supreme Court's six-month presumptively-reasonable period of detention under *Zadvydas* restarts upon detention of an alien previously released on an OSUP. *See Liu v. Carter*, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) (Lungstrum, J.) (citing authority).

[3]   Of course, if petitioner's continued detention without removal continues beyond the six-month period and becomes unreasonably indefinite, and he can satisfy the applicable standard under *Zadvydas*, petitioner is free to file a new habeas petition seeking his release.

The Court also denies petitioner's claim that because his detention has become unreasonably indefinite, it has become arbitrary in violation of due process. Petitioner has not shown that his detention for such a short period has become indefinite or arbitrary; nor has he cited any authority to support a claim that such a detention violates due process.

Finally, the Court denies petitioner's claim that immigration officials did not revoke his release based on changed circumstances regarding the likelihood of his removal, as required under 8 C.F.R. § 241.13(i)(2). The Court has previously ruled that, even assuming that officials did not properly make such a determination initially, revocation may be justified by a change in circumstances since that time. *See Qui v. Carter*, 2025 WL 2770502, at *4 (D. Kan. Sept. 26, 2025) (Lungstrum, J.) (citing *Nguyen v. Noem*, No. 25-057, Order at 24-25 (N.D. Tex. Aug. 10, 2025)) (habeas relief is forward-looking; required change in circumstances may occur after the initial revocation). In this case, respondents have provided sufficient evidence that immigration officials have relied on the following changed circumstances that make petitioner's removal more likely: Nigeria is now cooperating with the United States with respect to requests for travel documents for removal to that country; mass removals to that country have routinely been executed, including in February 2026; and in four cases, aliens detained locally have been issued travel documents by Nigeria within six months and then removed successfully.

Petitioner argues that such changes are not sufficiently particular to his case, and he cites this Court's opinion in *Liu v. Carter*, 2025 WL 1207089 (D. Kan. Apr. 25, 2025) (Lungstrum, J.) for support. In that case, the Court found that evidence of increased removal flights and a change in the destination for document requests was not sufficient to

3

show that officials had determined that changed circumstances made removal of the petitioner more likely, including because that evidence did not address the particular obstacles that had prevented the petitioner's removal in the past. *See id.* at *2-3. The present case may be distinguished from *Liu*, however. In this case, respondents have submitted evidence that when efforts to remove petitioner twenty years ago failed, Nigerian officials had failed to respond to numerous inquiries regarding the issuance of a travel document for petitioner; and that Nigerian officials are now responding to and cooperating with such efforts, and in fact have responded with respect to petitioner's particular case, including regarding the scheduling and rescheduling of an interview with petitioner. Thus, the Court finds that immigration officials have properly determined that changed circumstances make this petitioner's removal more likely. Accordingly, petitioner has not shown that his present detention based on a revocation of his release violates the applicable regulations, and the Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 8th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4